

# SKOLER, ABBOTT & PRESSER, P.C.
*Exclusively Representing Management in Labor and Employment Law*

Susan G. Fentin*
SFentin@skoler-abbott.com

*also admitted in Connecticut

January 23, 2004

Clerk's Office – Civil
Worcester County Superior Court
2 Main Street, Room 21
Worcester, MA 01608

Re: Timothy Leahy v.
Convergent Prima, Inc.
<u>Superior Court No. 03-2497B</u>

Dear Sir or Madam:

Please be advised that the above-referenced action has been removed to federal court. A certified copy of the Petition For Removal is enclosed. Please forward to me certified copies of all documents filed in this action by the Plaintiff so that they may be filed with the United States District Court within the thirty-day period required by Local Rule 81.1 of the United States District Court for the District of Massachusetts.

Thank you for your attention to this matter.

Sincerely,

Susan G. Fentin

SGF:mls
Enclosure
cc: PRIMA North America, Inc. (w/o enc.)

A true copy by photostatic process
Attest:
Asst. Clerk

SUITE 2000 • ONE MONARCH PLACE • SPRINGFIELD, MA 01144 • 413-737-4753 • FAX 413-787-1941 • *www.skoler-abbott.com*
255 PARK AVENUE • WORCESTER, MA 01605 • 508-757-5335
AFFILIATE OF WORKLAW NETWORK: THE NATIONWIDE NETWORK OF MANAGEMENT LABOR AND EMPLOYMENT LAW FIRMS.

# CIVIL ACTION COVER SHEET

03-2457B

Trial Court of Massachusetts
Superior Court Department
County: Worcester

**PLAINTIFF(S):** Timothy Leahy
10 Irving Street #2
Spencer, MA 01562-2219

**DEFENDANT(S):** CONVERGENT PRIMA, INC
711 East Main St. Chicopee, MA 01020

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE

ATTORNEY (if known)

Board of Bar Overseers number:

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (✓) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $
2. Total Doctor expenses ............................................. $
3. Total chiropractic expenses ....................................... $
4. Total physical therapy expenses ................................. $
5. Total other expenses (describe) .................................. $
   Subtotal $
B. Documented lost wages and compensation to date ........... $
C. Documented property damages to date ........................ $
D. Reasonably anticipated future medical and hospital expenses .. $
E. Reasonably anticipated lost wages ............................. $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$
TOTAL $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A true copy by photostatic process
Attest:

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record  Timothy R. Leahy    DATE: 12/30/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

LW 12/30/03

MAS-20030912　　　　　　　　　　Commonwealth of Massachusetts　　　　　　　　　　01/27/2004
walsh_r　　　　　　　　　　　　　WORCESTER SUPERIOR COURT　　　　　　　　　　　08:25 AM
　　　　　　　　　　　　　　　　　　　　　Case Summary
　　　　　　　　　　　　　　　　　　　　　Civil Docket

Case 4:04-cv-40010-FDS　　Document 4　　Filed 02/25/2004　　Page 3 of 14

# WOCV2003-02497
## Leahy v Convergent Prima Inc

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 12/30/2003 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 01/26/2004 | **Session** | B - Civil B (18 Worcester) | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 03/29/2004 | **Answer** | 05/28/2004 | **Rule12/19/20** | 05/28/2004 |
| **Rule 15** | 05/28/2004 | **Discovery** | 10/25/2004 | **Rule 56** | 11/24/2004 |
| **Final PTC** | 12/24/2004 | **Disposition** | 02/22/2005 | **Jury Trial** | No |

### PARTIES

**Plaintiff**
Timothy Leahy
10 Irving Street
#2
Spencer, MA 01562
Phone: 508-885-1241
Active 12/30/2003 Notify

**Defendant**
Convergent Prima Inc
Served: 01/06/2004
Served (answr pending) 01/21/2004

**Private Counsel 632962**
Susan G Fentin
Skoler Abbott & Presser PC
1 Monarch Place
Suite 2000
Springfield, MA 01144
Phone: 413-737-4753
Fax: 413-787-1941
Active 01/07/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/30/2003 | 1.0 | Affidavit of indigency and Request for Waiver, substitution or state payment of normal fees & costs, (IMPOUNDED) |
| 12/30/2003 | | Origin 1, Type B22, Track F. |
| 12/30/2003 | 2.0 | Supplement to affidavit of indigency |
| 12/30/2003 | 3.0 | Determination regarding fees and costs. Allowed (Agnes, J) |
| 12/30/2003 | | Filing fee paid in the amount of $0. |
| 12/30/2003 | 4.0 | Complaint & civil action cover sheet filed |
| 01/21/2004 | 5.0 | SERVICE RETURNED: Convergent Prima Inc(Defendant) 1/6/04 (agent, person in charge) |
| 01/26/2004 | 6.0 | Deft. PRIMA NORTH AMERICA Inc Case REMOVED to the US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 12/31/2004 | Civil B (18 Worcester) | Status: Review Annual Fee Send Notice | Event canceled not re-scheduled |

A true copy by photostatic process
Attest: *[signature]*
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY LEAHY,<br>Claimant,<br><br>v.<br><br>CONVERGENT PRIMA, INC.,<br>Employer. | 03-2497 B<br><br>**FILED**<br>DEC 3 0 2003<br>ATTEST:<br><br>CLERK |

## COMPLAINT

On or about August 21, 2000, Timothy Leahy was hired at Convergent Prima, Inc. as a candidate for temporary to permanent Buyer/Senior Buyer, a position for which Mr. Leahy was well qualified. Mr. Leahy was hired through the Agentry Staffing Employment Agency who had forwarded his resume to Convergent Prima. Prior to being hired, Mr. Leahy had not met anyone at Convergent Prima. At the time, he was fifty-six (56) years old.

On August 21, 2000, Mr. Leahy met with Ron Smeltzer, Director of Purchasing for whom he would be working. During this time, Mr. Leahy mentioned that he would be interested in a permanent position. Although Mr. Leahy was most interested in Senior Buyer, he was also interested in the position of Buyer depending on whether a more qualified person was applying for the Senior Buyer's position.

Mr. Leahy's background consists of approximately thirty-six (36) years working in the manufacturing field with extensive experience in manufacturing purchasing and inventory control as well as warehouse and stockroom management. In November of 2000, Ron Smeltzer asked if Mr. Leahy would accept a permanent position at Convergent Prima as a Buyer. Although Mr. Leahy would have preferred the position of Senior Buyer, Mr. Leahy accepted the position and executed the contract, a copy of which is attached hereto as Exhibit A. Mr. Leahy's start date as a full-time employee with Convergent Prima was to be November 27, 2000 with benefits commencing on December 1, 2000. Prior to leaving work for Thanksgiving, Mr. Leahy spoke to the

Human Resource Manager on November 21, 2000 requesting forms for health insurance and other benefits. The Human Resource Manager said that she would get the forms to Mr. Leahy. Shortly thereafter, on November 21, 2001, Ron Smeltzer contacted Mr. Leahy and stated that the employment contract was not going to be honored. Mr. Smeltzer went on to say that budget meetings dictated the same but that at the end of the year he would advise Mr. Leahy whether the job would become permanent. Mr. Leahy was quite upset that Convergent Prima breached the executed contract, but because of his age and the need for the job, Mr. Leahy did not make an issue out of this at the time.

In December, all employees, including temporary employees, received bonuses except for Mr. Leahy. After the first of the year, despite inquiry, Mr. Smeltzer failed to advise Mr. Leahy as to the status of the position of Buyer as promised. The attitude of Mr. Leahy's manager toward him became increasingly hostile causing Mr. Leahy to be isolated. No other employee, temporary or permanent, was treated with the hostility and disdain that was directed toward Mr. Leahy.

+++On or about September of 2000+++, ""Debra"" Demerski was hired as Senior Buyer. Since Mr. Leahy had begun working at Convergent Prima, he had made it known that he was interested in the position of Senior Buyer, a position for which Mr. Leahy was well qualified. Interestingly enough, Ms. Demerski, with whom Mr. Leahy had a good rapport, was hired as Senior Buyer. Ms. Demerski had no experience in using the internet for various purchasing activities which was part of the integral job requirements; had no training or experience in supervising employees; and had no experience with electronic parts and the end products. It is Mr. Leahy's understanding that Ms. Demerski spoke with his manager, Mr. Smeltzer. Stating that Mr. Leahy was very qualified for the position of Buyer and that she wished the position to be offered to Mr. Leahy as had been agreed. It is further Mr. Leahy's understanding that Mr. Smeltzer refused. Within in a few days of Mr. Leahy's oral notice to leave the company because he needed a permanent position, Mr. Leahy's position of Buyer was posted. Mr. Leahy spoke with the Human Resource Manager inquiring as to whether the posted position was a permanent position. She would not give Mr. Leahy a definitive answer. Next, Mr. Leahy was told not to return for his last week of work. During that time, an individual within the company was

hired full-time as a permanent Buyer. This female employee was thirty years Mr. Leahy's junior and had no experience whatsoever in purchasing.

Convergent Prima illegally discriminated against Mr. Leahy because of his age, treated him disparagingly from other workers and breached its employment contact with Mr. Leahy causing him to suffer lost wages and emotional distress and incurred costs for which Mr. Leahy seeks damages including, but not limited to, back pay, front pay, attorneys' fees and damages for emotional distress.

> Respectfully submitted,
> **Timothy Leahy,**
>
> _Timothy Leahy_

A true copy by photostatic process
Attest: _[signature]_
Asst. Clerk

3

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

ATTEST: [signature]

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 03-2497 B

Timothy Leahy

**Plaintiff (s)**

v.

Convergent Prima, INC

**Defendant (s)**

**SUMMONS**

\* To the above-named Defendant:

You are hereby summoned and required to serve upon Timothy Leahy ................, plaintiff's attorney, whose address is 10 Irving ST. Spencer, MA 01562 ..... an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the 30th day of December ....... in the year of our Lord two thousand and three.

A true copy by photostat
Attest: [signature]
Asst. Clerk

[signature]
**Clerk**

**NOTES:**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: (TORT) — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

03-2497 B

# TIMOTHY A. LEAHY
**(508) 885-1241**        email: timmleahy@aol.com

# 10 IRVING STREET #2
# SPENCER, MA 01562

December 29, 2003

To whom it may concern;

Please be advised that Convergent Prima has moved their operations from 1 Picker Road, Sturbridge, MA To: 711 East Main Street, Chicopee, MA 01020.

Convergent Prima was located in Sturbridge when the Age Discrimination took place.

Sincerely,

*Timothy Leahy*
Timothy A. Leahy

A true copy by photostatic process
Attest:
*Mary Strafford*
Asst. Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TIMOTHY LEAHY,

    Plaintiff,

v.    CIVIL ACTION NO.

PRIMA NORTH AMERICA, INC.,    04-40010-NMG

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
CLERKS OFFICE
2004 JAN 22  A 10: 54
U.S. DISTRICT COURT
DISTRICT OF MASS.

## PETITION FOR REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendant, PRIMA North America, Inc., respectfully states:

1. On or after January 6, 2004, Defendant was served with a Complaint commenced in the Superior Court, Worcester County, which is entitled <u>Timothy Leahy v. Convergent Prima, Inc.</u>, Civil Action No. 03-2497B. Service of the Summons and Complaint was made on January 6, 2004. Copies of the Summons and Complaint are annexed hereto as Exhibit A.

2. Upon information and belief, Plaintiff is a resident of Spencer, Massachusetts. Defendant is a Delaware Corporation with a principal place of business in Chicopee, Massachusetts. Plaintiff is alleging illegal discrimination based on his age, disparate treatment, and breach of contract.

3. The amount in damages exceeds $75,000.00.

4. This court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

SKOLER, ABBOTT
& PRESSER, P.C.
ATTORNEYS AT LAW
ONE MONARCH PLACE
SUITE 2000
SPRINGFIELD, MA. 01144
(413) 737-4753

Page 1 of 2

5. Removal of this action to this court is authorized by 28 U.S.C. § 1441(b).

6. This Petition for Removal is filed with this court within thirty (30) days after receipt by Defendant of a copy of the initial pleading setting forth the claim for relief upon which such action is based and the Summons.

WHEREFORE, Defendant, PRIMA North America, Inc., prays that the above-referenced action now pending in the Superior Court, Commonwealth of Massachusetts, Worcester County, be removed to this Court.

Respectfully Submitted,

*[signature]*

Susan G. Fentin, Esq.
BBO No. 632962
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Dated: January 20, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the Plaintiff, Timothy Leahy, 10 Irving Street, #2, Spencer, MA 01562, by first-class, U.S. mail, postage prepaid on January 20, 2004.

*[signature]*
Susan G. Fentin, Esq.

I HEREBY ATTEST AND CERTIFY ON 1-22-04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

TONY ANASTAS
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY: *Sherry Jones*

SKOLER, ABBOTT
& PRESSER, P.C.
ATTORNEYS AT LAW
ONE MONARCH PLACE
SUITE 2000
SPRINGFIELD, MA 01144
(413) 737-4753

Page 2 of 2

A true copy by photostatic p---
Attest: *[signature]*
Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 03-2497B

Timothy Leahy

Plaintiff(s)

v.

Convergent Prima, Inc

Defendant(s)

SUMMONS

\* To the above-named Defendant:

You are hereby summoned and required to serve upon Timothy Leahy whose address is 10 Irving ST Spencer, MA 01562, plaintiff's attorney, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the 30th day of December in the year of our Lord two thousand and three.

True copy by photostatic process

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office.

COMMONWEALTH OF MASSACHUSETTS

TIMOTHY LEAHY,
Claimant,

v.

CONVERGENT PRIMA, INC.,
Employer.

03-2497 B

**FILED**
DEC 30 2003
ATTEST:
CLERK

## COMPLAINT

On or about August 21, 2000, Timothy Leahy was hired at Convergent Prima, Inc. as a candidate for temporary to permanent Buyer/Senior Buyer, a position for which Mr. Leahy was well qualified. Mr. Leahy was hired through the Agentry Staffing Employment Agency who had forwarded his resume to Convergent Prima. Prior to being hired, Mr. Leahy had not met anyone at Convergent Prima. At the time, he was fifty-six (56) years old.

On August 21, 2000, Mr. Leahy met with Ron Smeltzer, Director of Purchasing for whom he would be working. During this time, Mr. Leahy mentioned that he would be interested in a permanent position. Although Mr. Leahy was most interested in Senior Buyer, he was also interested in the position of Buyer depending on whether a more qualified person was applying for the Senior Buyer's position.

Mr. Leahy's background consists of approximately thirty-six (36) years working in the manufacturing field with extensive experience in manufacturing purchasing and inventory control as well as warehouse and stockroom management. In November of 2000, Ron Smeltzer asked if Mr. Leahy would accept a permanent position at Convergent Prima as a Buyer. Although Mr. Leahy would have preferred the position of Senior Buyer, Mr. Leahy accepted the position and executed the contract, a copy of which is attached hereto as Exhibit A. Mr. Leahy's start date as a full-time employee with Convergent Prima was to be November 27, 2000 with benefits commencing on December 1, 2000. Prior to leaving work for Thanksgiving, Mr. Leahy spoke to the

Human Resource Manager on November 21, 2000 requesting forms for health insurance and other benefits. The Human Resource Manager said that she would get the forms to Mr. Leahy. Shortly thereafter, on November 21, 2001, Ron Smeltzer contacted Mr. Leahy and stated that the employment contract was not going to be honored. Mr. Smeltzer went on to say that budget meetings dictated the same but that at the end of the year he would advise Mr. Leahy whether the job would become permanent. Mr. Leahy was quite upset that Convergent Prima breached the executed contract, but because of his age and the need for the job, Mr. Leahy did not make an issue out of this at the time.

In December, all employees, including temporary employees, received bonuses except for Mr. Leahy. After the first of the year, despite inquiry, Mr. Smeltzer failed to advise Mr. Leahy as to the status of the position of Buyer as promised. The attitude of Mr. Leahy's manager toward him became increasingly hostile causing Mr. Leahy to be isolated. No other employee, temporary or permanent, was treated with the hostility and disdain that was directed toward Mr. Leahy.

+++On or about September of 2000+++, ""Debra"" Demerski was hired as Senior Buyer. Since Mr. Leahy had begun working at Convergent Prima, he had made it known that he was interested in the position of Senior Buyer, a position for which Mr. Leahy was well qualified. Interestingly enough, Ms. Demerski, with whom Mr. Leahy had a good rapport, was hired as Senior Buyer. Ms. Demerski had no experience in using the internet for various purchasing activities which was part of the integral job requirements; had no training or experience in supervising employees; and had no experience with electronic parts and the end products. It is Mr. Leahy's understanding that Ms. Demerski spoke with his manager, Mr. Smeltzer. Stating that Mr. Leahy was very qualified for the position of Buyer and that she wished the position to be offered to Mr. Leahy as had been agreed. It is further Mr. Leahy's understanding that Mr. Smeltzer refused. Within in a few days of Mr. Leahy's oral notice to leave the company because he needed a permanent position, Mr. Leahy's position of Buyer was posted. Mr. Leahy spoke with the Human Resource Manager inquiring as to whether the posted position was a permanent position. She would not give Mr. Leahy a definitive answer. Next, Mr. Leahy was told not to return for his last week of work. During that time, an individual within the company was

hired full-time as a permanent Buyer. This female employee was thirty years Mr. Leahy's junior and had no experience whatsoever in purchasing.

Convergent Prima illegally discriminated against Mr. Leahy because of his age, treated him disparagingly from other workers and breached its employment contact with Mr. Leahy causing him to suffer lost wages and emotional distress and incurred costs for which Mr. Leahy seeks damages including, but not limited to, back pay, front pay, attorneys' fees and damages for emotional distress.

                Respectfully submitted,
                **Timothy Leahy,**

*/s/ Timothy Leahy*

*A true copy of the above process
Attest: /s/ [illegible]
Asst. Clerk*