UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
***********************************
                                   *
TIMOTHY LEAHY,                     *
                                   *
            Plaintiff,             *
                                   *
v.                                 *   CIVIL ACTION NO. 04-40010-NMG
                                   *
PRIMA NORTH AMERICA, INC.,         *
                                   *
            Defendant.             *
                                   *
***********************************
```

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS,

The Defendant, PRIMA North America, Inc., moves to dismiss the Plaintiff's claim for age discrimination as it is barred by the three-year statute of limitations.

### ARGUMENT

A.   Standard of Review

A motion to dismiss is appropriate and should be granted when a review of the complaint shows that the plaintiff can prove no set of facts in support of his claims against the defendant that would entitle him to relief.  See Fed. R. Civ. P. 12(b)(6); Wagner v. Devine, 122 F.3d 53, 55 (1st Cir. 1997), *cert. denied*, 522 U.S. 1090 (1998).

B.   Procedural Background

Plaintiff, Timothy Leahy, filed his Complaint in Massachusetts Superior Court for the County of Worcester on December 30, 2003.  On the Civil Cover Sheet, the Plaintiff stated that his claim was for Employment Discrimination.  See Civil Cover Sheet and Original Complaint, attached to this Memorandum as Exhibit 1.  The Defendant removed this case to Federal Court

on January 20, 2004.  This court granted the Defendant an extension of time until February 26, 2004, to Answer or otherwise respond to the Plaintiff's Complaint.

    C.    <u>Legal Argument</u>

        1.    *The Plaintiff's Cause of Action Accrued on November 21, 2000.*[1]

The statute of limitations begins to run on the date that a plaintiff first becomes aware that he was subjected to an adverse employment action.  *See* <u>Ching v. Mitre Corp.</u>, 921 F.2d 11, 14 (statute of limitations in c. 151B bars employment discrimination claim when employee had notice of adverse action more than three years before filing of complaint); <u>Hendrickson v. Sears</u>, 365 Mass. 83, 89 (1974) ("a cause of action accrues on the happening of an event likely to put the plaintiff on notice").  In his Complaint, the Plaintiff alleges that he knew on November 21,

---

[1] The Plaintiff's Complaint alleges that he was notified on "November 21, 2001" that he was not going to be hired as a regular employee, but this is an obvious typographical error.  Proceedings on this matter before the Massachusetts Commission Against Discrimination ("MCAD") began in the spring of 2001, and the MCAD issued the Plaintiff a Right to Sue letter on June 15, 2001.  *See* Denial of Formal Investigation of MCAD Complaint from the Massachusetts Commission Against Discrimination, dated 6-15-01, attached as Exhibit 2 (please be advised that this letter shall act as authorization by the Commission for you to pursue a private civil action in Superior Court pu[r]suant to G.L. c.151B, S9).  If the Plaintiff's case was already before the MCAD in June 2001, he could not possibly have still been working at the Defendant in November 2001.  The date of the Plaintiff's Right to Sue letter shows definitively that the allegations in the Plaintiff's complaint could not have occurred in November 2001.

Because the Plaintiff cannot file a claim in Superior Court until he has satisfied the administrative prerequisites of M.G.L. c. 151B, the Plaintiff's Complaint is necessarily dependent upon the MCAD's deliberations below, including its authorization to pursue a private civil action, which is then effectively merged into his Complaint.  Although the court is required to consider as true all factual allegations of the complaint, "when . . . a complaint's factual allegations are expressly linked to --- and admittedly dependent upon --- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings, and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."  <u>Bedall v. State St. Bank and Trues Co.</u>, 137 F.3d 12, 17 (D. Mass. 1998).  Accordingly, for the purposes of reviewing the Defendant's Motion to Dismiss based on the MCAD's June 2001 Notice, this court may take judicial notice that the Plaintiff's statement "November 21, 2001" is a typographical error and should read "November 21, 2000."

2000, that the Defendant was not going to hire him as a "permanent" employee. *See* Complaint. Accordingly, the Plaintiff's cause of action accrued on November 21, 2000.

      2. *The Plaintiff Has Failed to File His Claim Within the Applicable Statute of Limitations*.

The Plaintiff's employment discrimination claim is based on his allegations that the Defendant discriminated against him based on his age by failing to hire him as a "permanent" employee in November 2000. Although the Complaint does not cite a statutory reference, it is clear from the face of his Complaint that he is claiming a violation of Mass. Gen. L. c. 151B. The statutory time limit for filing such claims is three years from the date that the cause of action accrued. Mass. Gen. L. c. 151B, § 9. Under c. 151B, "a civil action brought pursuant to G.L.C. 151B must be commenced not later than three years after the alleged unlawful practice occurred." Swaida v. Gentiva Health Servs., 238 F. Supp. 2d 325, 331 (D. Mass. 2002) (*quoting* Weber v. Community Teamwork, Inc., 4343 Mass. 761, 784, 752 N.E.2d 700 (2001)) (internal quotations omitted). The Plaintiff did not file his Complaint in Superior Court until December 30, 2003. *See* Civil Action Cover Sheet, Ex. 1. Accordingly, his claim is barred by the applicable statute of limitations.

For the above reasons, the Defendant respectfully requests that this court grant its Motion to Dismiss with prejudice.

Respectfully Submitted,

/s/ Susan G. Fentin
Susan G. Fentin, Esq.
BBO No. 632962
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Dated:  February 26, 2004   Tel.: (413) 737-4753/Fax: (413) 787-1941

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the Plaintiff, Timothy Leahy, 10 Irving Street, #2, Spencer, MA 01562, by first-class, U.S. mail, postage prepaid on February 26, 2004.

/s/ Susan G. Fentin
Susan G. Fentin, Esq.