# EXHIBIT 1

| CIVIL ACTION COVER SHEET | 03-2497 B | Superior Court Department County: Worcester |
|---|---|---|

| PLAINTIFF(S) Timothy Leahy 10 Irving Street #2 Spencer, MA 01562-2219 | DEFENDANT(S) CONVERGENT PRIMA, INC 711 East Main St. Chicopee, MA 01020 |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (If known) |
| Board of Bar Overseers number: | |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. B22   TYPE OF ACTION: Employment Discrimination  TRACK (F)   IS THIS A JURY CASE?  (✓) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses .................................. $
 2. Total Doctor expenses .................................. $
 3. Total chiropractic expenses ............................. $
 4. Total physical therapy expenses ......................... $
 5. Total other expenses (describe) ......................... $
    Subtotal $

B. Documented lost wages and compensation to date ............ $
C. Documented property damages to date ....................... $
D. Reasonably anticipated future medical and hospital expenses $
E. Reasonably anticipated lost wages ......................... $
F. Other documented items of damages (describe)
    $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

    $
    TOTAL $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A true copy by photostatic process
Attest: Mary Strafford
Asst. Clerk

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record  Timothy H. Leahy    DATE: 12/30/03

Lw 12/30/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

TIMOTHY LEAHY,
Claimant,

v.

CONVERGENT PRIMA, INC.,
Employer.

03-2497 B

FILED
DEC 30 2003
ATTEST:
Francis A. Ford
CLERK

## COMPLAINT

On or about August 21, 2000, Timothy Leahy was hired at Convergent Prima, Inc. as a candidate for temporary to permanent Buyer/Senior Buyer, a position for which Mr. Leahy was well qualified. Mr. Leahy was hired through the Agentry Staffing Employment Agency who had forwarded his resume to Convergent Prima. Prior to being hired, Mr. Leahy had not met anyone at Convergent Prima. At the time, he was fifty-six (56) years old.

On August 21, 2000, Mr. Leahy met with Ron Smeltzer, Director of Purchasing for whom he would be working. During this time, Mr. Leahy mentioned that he would be interested in a permanent position. Although Mr. Leahy was most interested in Senior Buyer, he was also interested in the position of Buyer depending on whether a more qualified person was applying for the Senior Buyer's position.

Mr. Leahy's background consists of approximately thirty-six (36) years working in the manufacturing field with extensive experience in manufacturing purchasing and inventory control as well as warehouse and stockroom management. In November of 2000, Ron Smeltzer asked if Mr. Leahy would accept a permanent position at Convergent Prima as a Buyer. Although Mr. Leahy would have preferred the position of Senior Buyer, Mr. Leahy accepted the position and executed the contract, a copy of which is attached hereto as Exhibit A. Mr. Leahy's start date as a full-time employee with Convergent Prima was to be November 27, 2000 with benefits commencing on December 1, 2000. Prior to leaving work for Thanksgiving, Mr. Leahy spoke to the

Human Resource Manager on November 21, 2000 requesting forms for health insurance and other benefits. The Human Resource Manager said that she would get the forms to Mr. Leahy. Shortly thereafter, on November 21, 2001, Ron Smeltzer contacted Mr. Leahy and stated that the employment contract was not going to be honored. Mr. Smeltzer went on to say that budget meetings dictated the same but that at the end of the year he would advise Mr. Leahy whether the job would become permanent. Mr. Leahy was quite upset that Convergent Prima breached the executed contract, but because of his age and the need for the job, Mr. Leahy did not make an issue out of this at the time.

In December, all employees, including temporary employees, received bonuses except for Mr. Leahy. After the first of the year, despite inquiry, Mr. Smeltzer failed to advise Mr. Leahy as to the status of the position of Buyer as promised. The attitude of Mr. Leahy's manager toward him became increasingly hostile causing Mr. Leahy to be isolated. No other employee, temporary or permanent, was treated with the hostility and disdain that was directed toward Mr. Leahy.

+++On or about September of 2000+++, ""Debra"" Demerski was hired as Senior Buyer. Since Mr. Leahy had begun working at Convergent Prima, he had made it known that he was interested in the position of Senior Buyer, a position for which Mr. Leahy was well qualified. Interestingly enough, Ms. Demerski, with whom Mr. Leahy had a good rapport, was hired as Senior Buyer. Ms. Demerski had no experience in using the internet for various purchasing activities which was part of the integral job requirements; had no training or experience in supervising employees; and had no experience with electronic parts and the end products. It is Mr. Leahy's understanding that Ms. Demerski spoke with his manager, Mr. Smeltzer. Stating that Mr. Leahy was very qualified for the position of Buyer and that she wished the position to be offered to Mr. Leahy as had been agreed. It is further Mr. Leahy's understanding that Mr. Smeltzer refused. Within in a few days of Mr. Leahy's oral notice to leave the company because he needed a permanent position, Mr. Leahy's position of Buyer was posted. Mr. Leahy spoke with the Human Resource Manager inquiring as to whether the posted position was a permanent position. She would not give Mr. Leahy a definitive answer. Next, Mr. Leahy was told not to return for his last week of work. During that time, an individual within the company was

2

hired full-time as a permanent Buyer. This female employee was thirty years Mr. Leahy's junior and had no experience whatsoever in purchasing.

Convergent Prima illegally discriminated against Mr. Leahy because of his age, treated him disparagingly from other workers and breached its employment contact with Mr. Leahy causing him to suffer lost wages and emotional distress and incurred costs for which Mr. Leahy seeks damages including, but not limited to, back pay, front pay, attorneys' fees and damages for emotional distress.

Respectfully submitted,
**Timothy Leahy,**

*/s/ Timothy Leahy*

A true copy by photostatic process
Attest: /s/ Mary [illegible]
Asst. Clerk

3

# EXHIBIT 2

The Commonwealth of Massachusetts
Commission Against Discrimination

6-15-01

Timothy Leahy
10 Irving Street
Spencer, MA 01562

RE: Timothy Leahy VS. Convergent Prima
MCAD Docket No.: 01230161

**DENIAL OF FORMAL INVESTIGATION OF MCAD COMPLAINT**

Dear Mr. Leahy:

The Massachusetts Commission Against Discrimination is in receipt of the above referenced complaint. Pursuant to the Commission's regulations at 804 CMR 1.13, I am writing to inform you that the Commission has declined to authorize further review of your complaint.

The Commission has made this determination for the following reason(s):

[ ] The Commission lacks jurisdiction to review your claim.
[x] The information provided contradicts an inference of discrimination.
[ ] The complaint was not filed within the six months Statute of Limitation.
[x] The Commission has concluded that a formal investigation of the complaint would not serve the public interest.
[ ] Other:_____

Please be advised that this letter shall act as authorization by the Commission for you to pursue a private civil action in Superior Court pusuant to G.L. c.151B, S9.

You have the right to appeal this Denial of Formal Investigation. If you wish to appeal, you must submit a written request for a preliminary hearing within 10 days of receipt of this notice. This request must be addressed to Alan Cassella, Supervisor, Massachusetts Commission Against Discrimination, 436 Dwight Street, Room 220, Springfield, MA 01103. You will be notified in writing of the scheduled date for the hearing.

Thank you for your attention to this matter.

Very truly yours,

Jerrold S. Levinsky
Deputy General Counsel

CC:

Convergent Prima
1 Picker Road
Sturbridge, MA 01566

FORM:DENIAL.INV