UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
**********************************
                                  *
TIMOTHY LEAHY,                    *
                                  *
        Plaintiff,                *
                                  *
v.                                *    CIVIL ACTION NO. 04-40010-NMG
                                  *
PRIMA NORTH AMERICA, INC.,        *
                                  *
        Defendant.                *
                                  *
**********************************
```

### DEFENDANT'S REPLY TO PLAINTIFF'S ANSWER
### TO DEFENDANT'S PARTIAL MOTION TO DISMISS

The Defendant, PRIMA North America, Inc., submits this Reply to the Plaintiff's Answer [sic] to Defendant's Motion to Dismiss (hereinafter "Plaintiff's Opposition"), served April 1, 2004.

### ARGUMENT

The Defendant's Motion sought dismissal of the Plaintiff's claims for employment discrimination because he failed to file suit within the applicable three-year statute of limitations. In his Opposition, the Plaintiff attempts to deflect the court's attention from the plain statement in his Complaint that he was informed on November 21, 2000, that the Defendant had withdrawn its offer of a "permanent" position. *See* Complaint at ¶ 3. He now asserts that he was "*not* notified on November 21, 2000 that [he] was not going to be hired." and indeed was "*never* notified that [he] was not going to be hired." Plaintiff's Opposition (emphasis added). Either way, the Plaintiff's claim for age discrimination must fail. If his cause of action is in fact based on the company's decision to withdraw its offer of "permanent" employment, that offer was

most certainly withdrawn on November 21, 2000, well outside the statute of limitations on that claim.  *See* Complaint at ¶ 3.  If, instead, his cause of action is based on his continued employment as a temporary employee, he has no cause of action at all because, by his own admission, he suffered no adverse employment action after November 21, 2000, but instead continued to work until he voluntarily resigned on January 15, 2001.  *See* Plaintiff's Opposition.  As is more fully argued in the Defendant's Memorandum, "a cause of action for denial of benefit such as tenure . . . accrues when the Plaintiff learns of the alleged discriminatory act, not the point at which the consequences of the act become painful."  Ching v. Mitre Corp., 921 F.2d 11, 14 (1990) (*citing*, Delaware State College v. Ricks, 449 U.S. 250, 258, 101 S. Ct. 498, 504, 66 L.Ed.2d 431 (1980)).  It is undisputed that the Plaintiff learned on November 21, 2000, that the company had withdrawn its offer of "permanent" employment.  The statute of limitations began to run then, not, as the Plaintiff suggests, when he decided to resign, having given up hope that the Defendant would change its mind.  The Plaintiff's claim for employment discrimination accrued in November 2000, and his suit filed in January 2004, is barred by the applicable statute of limitations.  *See also* Adamczyk v. Augat, Inc., 52 Mass. App. Ct. 717, 755 N.E.2d 824 (2001).  Accordingly, the Plaintiff's Opposition does not defeat the Defendant's Motion to Dismiss, which should be granted by this court.

                                            Respectfully submitted,

                                            /s/ Susan G. Fentin
                                            Susan G. Fentin, Esq.
                                            BBO No. 632962
                                            Counsel for Defendant
                                            Skoler, Abbott & Presser, P.C.
                                            One Monarch Place, Suite 2000
                                            Springfield, Massachusetts  01144
Dated:  April 13, 2004                     Tel.: (413) 737-4753/Fax: (413) 787-1941

CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing *Defendant's Reply To Plaintiff's Answer to Defendant's Partial Motion To Dismiss* was electronically filed and served upon the Plaintiff, Timothy Leahy, 10 Irving Street, #2, Spencer, MA 01562, by first-class, U.S. mail, postage prepaid on April 13, 2004.

                                          /s/ Susan G. Fentin
                                          Susan G. Fentin, Esq.