UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
**********************************
                                  *
TIMOTHY LEAHY,                    *
                                  *
                Plaintiff,        *
                                  *
v.                                *    CIVIL ACTION NO. 04-40010-NMG
                                  *
PRIMA NORTH AMERICA, INC.,        *
                                  *
                Defendant.        *
                                  *
**********************************
```

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF ITS SECOND PARTIAL MOTION TO DISMISS**

On February 26, 2004, the Defendant, PRIMA North America, Inc., moved to dismiss the Plaintiff's claim for age discrimination as barred by the three-year statute of limitations. On that same date, PRIMA also submitted a Motion for More Definite Statement. On April 1, 2004, the Plaintiff served an "Answer to the Defendant's Motion," which included the contract that forms the basis for his claim for Breach of Contract. The Defendant now moves under Fed. R. Civ. P. 12(b)(6) to dismiss the Plaintiff's claim for Breach of Contract because it fails to state a claim for which relief can be granted.

**ARGUMENT**

A.  Standard of Review

A motion to dismiss is appropriate and should be granted when a review of the complaint, viewed in the light most favorable to the plaintiff, shows that the plaintiff can prove no set of facts in support of his claims against the defendant that would entitle him to relief. *See* Fed. R.

Civ. P. 12(b)(6); Wagner v. Devine, 122 F.3d 53, 55 (1st Cir. 1997), *cert. denied*, 522 U.S. 1090 (1998).

    B.    Legal Argument

        1.    *By His Own Admission, the Plaintiff Has No Valid Contractual Claim Against the Defendant.*

The Plaintiff's Answer to Defendant's Motion for More Definite Statement ("Plaintiff's Answer") defeats his claim for breach of contract. Attached to his Answer is a document that the Plaintiff refers to as a "copy of Convergent Prima's offer of employment," which he alleges was accepted, signed and returned to the Defendant during the week of November 12, 2000.[1] By its very terms, this document cannot constitute a contract, and by submitting this document as the basis for his breach of contract claim, the Plaintiff is admitting that he has no such claim.

The Plaintiff contends that the offer constitutes a contract to hire him as a "permanent" employee. *See* Complaint. However, such a promise, whether oral or written, cannot form the basis of a contract when it is coupled with a clear, unequivocal statement of the employee's at-will status. *See* Tinkham v. Jenny Craig, Inc., 1996 WL 1186939, No. 940511C, at *8 (Mass. Super. Ct., April 19, 1996) (*citing*, Pearson v. John Hancock Mut. Life Ins. Co., 979 F.2d 254, 258-59 (1st Cir. 1992)), *aff'd in relevant part*, 45 Mass. App. Ct. 567, 699 N.E.2d 1255, *rev. den.*, 428 Mass. 1108, 707 N.E.2d 366 (1998).[2] In Tinkham, the four individual plaintiffs claimed that Jenny Craig was liable for breach of contract because company managers who had promised

---

[1] The Defendant is assuming for the purposes of this Motion to Dismiss that this "contract" is the Exhibit A that was missing from the copy of the Plaintiff's Complaint when it was served on the Defendant. Accordingly, the court may still treat the Defendant's Motion as a Motion to Dismiss, because "[the] complaint's factual allegations are expressly linked to --- and admittedly dependent upon --- a document (the authenticity of which is not challenged)." Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998). Under such circumstances, "that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under 12(b)(6)." Id.

[2] For the convenience of the court, a copy of the trial court's decision in Tinkham is attached as Exhibit A.

promotions and specified a promotion timetable did not promote the plaintiffs as promised. In ruling that the plaintiffs' claims for breach of contract were subject to summary judgment, the court concluded that "the at-will nature of the plaintiffs' employment status precludes any alleged breach of contract claims." Id. at *7. The Tinkham court reasoned that "since the plaintiffs' employment was terminable at will, they could have been terminated simultaneously with or immediately after any promotion [was] awarded." Id. Accordingly, the Jenny Craig managers' promises of promotion were not contracts that were breached when the promotions were not forthcoming.

Similarly, here, the document upon which the Plaintiff relies is not a contract for employment. It is nothing more than a job offer with a space to allow the Plaintiff to indicate his acceptance of the offer. The document has two parts: Above is a letter from Rom Smeltzer, Director of Purchasing, offering the Plaintiff the position of Buyer II and detailing his proposed compensation, benefits, and start date, and below is a section where the Plaintiff could sign to indicate that he accepted. In that section, directly above the signature line, the document states:

> I acknowledge that my employment relationship with Convergent Prima, Inc., is of the "at will" nature, and that my employment may be terminated at any time by me or by Convergent Prima, Inc., without cause or notice.

*See* Document attached to Plaintiff's Answer. This statement unequivocally specifies the Plaintiff's status as an at-will employee of the company. An offer or promise made to at-will employees is unenforceable as a contract because it is illusory and lacks the mutuality needed to hold the parties to a binding contract. *See* Pearson v. John Hancock Mutual Life Insurance Co., 979 F.2d 254, 258-59 (1st Cir.1992), *aff'd*, 74 F.3d 1245 (9th Cir. 1996). *See also* Edwards v. United States Fidelity and Guaranty Co., 848 F. Supp. 1460, 1465 (N.D. Cal. 1994) (illogical to

allow plaintiff to recover on breach of contract claim for repudiation of offer of promotion and transfer since she could have been discharged after working in new position); Murphine v. Hospital Authority of Floyd County, 151 Ga. App. 722, 723, 261 S.E.2d 457, 458 (1979) (at-will employee could not maintain breach of contract claim for failure to promote; promises to promote could not be enforced because employment contract was terminable at will). The Plaintiff's unequivocal agreement that his "permanent" position would be at-will defeats his claim that there was a contract between the parties for "permanent" employment that was breached when the offer was withdrawn.

In addition, the fact that the Plaintiff's employment continued until he resigned in January 2001 further undermines his claim for breach of contract. *See* Plaintiff's Answer. Because the Plaintiff's employment continued after November 21, 2000, the company's offer of a "permanent" position, later withdrawn, is nothing more than a fleeting change in the terms of the Plaintiff's employment and cannot form the basis for a claim of breach of contract. Under Massachusetts law, the terms of an at-will employee's employment can be modified at any time, for almost any reason or no reason at all. Kolodziej v. Smith, 412 Mass. 215, 212-22 (1992) (*citing*, Smith-Pfeffer v. Superintendent of the Walter E. Fernald State Sch., 404 Mass. 145, 150 (1989)). The Plaintiff has not stated a claim for breach of contract under Massachusetts law, and his claim should be dismissed.

## **CONCLUSION**

For the above reasons and the reasons cited in its first Motion to Dismiss, the Defendant respectfully requests that the Plaintiff's claims be dismissed in their entirety and the Defendant's Motion to Dismiss be granted.

Respectfully Submitted,

/s/ Susan G. Fentin
Susan G. Fentin, Esq.
BBO No. 632962
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144

Dated:  April 13, 2004                    Tel.: (413) 737-4753/Fax: (413) 787-1941

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendant's Memorandum In Support Of Its Second Partial Motion To Dismiss* was filed electronically and served upon the Plaintiff, Timothy Leahy, 10 Irving Street, #2, Spencer, MA 01562, by first-class, U.S. mail, postage prepaid on April 13, 2004.

/s/ Susan G. Fentin
Susan G. Fentin, Esq.
