UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
***********************************
                                  *
TIMOTHY LEAHY,                    *
                                  *
            Plaintiff,            *
                                  *
v.                                *   CIVIL ACTION NO. 04-40010-NMG
                                  *
PRIMA NORTH AMERICA, INC.,        *
                                  *
            Defendant.            *
                                  *
***********************************
```

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR COURT APPOINTMENT OF COUNSEL

The Defendant in the above matter, PRIMA North America, Inc., submits this Opposition to the Plaintiff's Motion for Court Appointment of Counsel, served April 1, 2004, and his Supplement to that motion, served on April 10, 2004.

### BACKGROUND

The Plaintiff in this matter, Timothy Leahy, filed a Complaint in Massachusetts Superior Court for the County of Worcester on December 30, 2003, alleging age discrimination and breach of contract. The Defendant removed this case to Federal Court on January 20, 2004. The Defendant subsequently filed a Motion to Dismiss the Plaintiff's claims of age discrimination under Mass. Gen. L. c. 151B as barred by the applicable statute of limitations.

**ARGUMENT**

The Plaintiff's Motion for Court Appointment of Counsel should be denied because there is no federal statutory authority for appointment of counsel in claims of age discrimination.[1] Absent statutory authority, there is no right to counsel in federal court in civil matters. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996) (indigent civil litigant in federal court has no constitutional or statutory right to appointment of counsel); Manisy v. Maloney, 283 F. Supp.2d 307, 317 (D. Mass. 2003) (*quoting* Dellenbach, 76 F.3d at 823). Although exceptions to this rule are at the discretion of the court, to qualify for such an exception, a petitioner must establish both that he was indigent and that "exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on his due process rights." Manisy, 283 F. Supp. at 317 (*quoting* DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991)).

The Plaintiff has failed to meet the standards that would allow him to qualify for court appointed counsel. The Plaintiff is not "indigent." By his own admission he earns approximately $18,000 per year, which is 193% over the federal poverty guidelines for a single individual without defendants.[2] *See* Supplement to Plaintiff's Motion for the Appointment of Counsel. Even if he were considered indigent, his suit for damages based on violations of Mass. Gen. L. c. 151B and common-law breach of contract hardly represents the "exceptional circumstances" under which other courts have granted such petitions. Indeed, federal courts

---

[1] Unlike Title VII, the Age Discrimination in Employment Act ("ADEA"), which would govern the Plaintiff's claims for age discrimination, does not have a section that provides for the appointment of counsel for indigent plaintiffs. *See* Souder v. Regina Nursing Center, 1996 WL 297571, No. 95-6480, at *1 (E.D. Pa. May 24, 1996) (internal citations omitted). *Cf.* Gadson v. Concort Hosp., 966 F.2d 32, 35 (1st Cir. 1992) (*citing* 42 U.S.C. §20003-5(f)(1)).

[2] The income level in the federal poverty guidelines for a single individual with no dependents is currently $9,310.00. *Department of Health and Human Service/Annual Update of the HHS Poverty Guidelines; Notice,* Federal Register, Vol. 69, No. 30, at 7336, February 13, 2004.

have declined such petitions even where the petitioner was challenging a criminal conviction through a writ of *habeas corpus*. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); <u>Dellenbach</u>, 76 F.3d at 823. The Plaintiff here is clearly an intelligent individual who is fully capable of representing himself in a matter that is not complex. *Cf.* <u>Manisy</u>, 283 F. Supp.2d at 317 (granting petitioner's motion to appoint counsel for *habeas* petition relating to alleged juror misconduct because of complexity of issue, but denying it with regard to rest of petitioner's *habeas* claim). Because the Plaintiff has made no showing that he is indigent, and has shown no exceptional circumstances sufficient to warrant the appointment of counsel, the court should deny the Plaintiff's motion.

                                                      Respectfully submitted,

                                                      /s/ Susan G. Fentin
                                                      Susan G. Fentin, Esq.
                                                      BBO No. 632962
                                                      Counsel for Defendant
                                                      Skoler, Abbott & Presser, P.C.
                                                      One Monarch Place, Suite 2000
                                                      Springfield, Massachusetts  01144
Dated:  April 13, 2004                              Tel.: (413) 737-4753/Fax: (413) 787-1941

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and accurate copy of the foregoing *Defendant's Opposition To Plaintiff's Motion For Court Appointment Of Counsel* was filed electronically and served upon the Plaintiff, Timothy Leahy, 10 Irving Street, #2, Spencer, MA 01562, by first-class, U.S. mail, postage prepaid on April 13, 2004.

                                                      /s/ Susan G. Fentin
                                                      Susan G. Fentin, Esq.